## THE MANGALORE.

*(District Court, D. California.   December 5, 1882.)*

SHIPPING — LIABILITY OF SHIP FOR DAMAGE TO CARGO — BILL OF LADING — EXCEPTED PERILS.

On examination of the evidence, *held,* that the vessel was liable for the damage to the cargo.

In Admiralty.

*William Barber,* for libelants.

*Milton Andros,* for claimants.

HOFFMAN, J.   After some hesitation I have reached the conclusion that the claimants have not, by a preponderance of proofs, shown that the damage to the goods was caused by one of the excepted perils. A very attentive examination of the log-book has led me to the opinion that the voyage was perhaps of less than ordinary severity, and if the weather and seas encountered by the Mangalore can be received as an excuse for bringing into port a cargo so extensively damaged as this was, and for decks in the condition in which her decks were found, almost every ship that comes around the Horn could set up a similar excuse. The court is asked to infer "straining" from the condition of her decks alone, no other trace of it being elsewhere visible, so far as disclosed by the proofs, and this in the face of testimony by very competent experts (though it is not uncontradicted) that no iron vessel could strain so as to open her seams as those of the Mangalore were opened, without showing the effects of it in her rivets. I cannot exonerate the ship on the ground that some of the damage was caused by her hatch being stove in by a sea, for several reasons:

1. The damage, if any, from this cause cannot be distinguished from damage from causes for which the carrier is responsible.

2. The construction of the hatch seems to have been faulty. Very considerable additions to its strength were ordered by the surveyor, and in fact made, before she was permitted to sail from this port.

3. I do not believe that any appreciable amount of water could have been admitted to the cargo through the hatch, inasmuch as the tarpaulins with which it was covered were intact and were in fact retained in use when she sailed from this port.

One undisputed fact seems to have some significance: no one on board appears to have had the least suspicion that the ship had strained so as to open her seams and admit water to her cargo until after her discharge had been commenced. The usual washing of the decks was continued even after her arrival, and until it was discovered that the water leaked freely into her hold. The theory that she had "strained" appears to have been then for the first time adopted. It does not appear that any examination of her planks and rivets was made, which on that theory would be natural, if not indispensable. All that was done of any consequence was to repair and strengthen her hatch and recalk her decks.

I think the libelant is entitled to recover.